Filed 12/9/21  P. v. Mascio CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JASON PATRICK MASCIO, Defendant and Appellant. | D078644 (Super. Ct. No. RIF1700753) |

APPEAL from a judgment of the Superior Court of Riverside County, Steven G. Counelis, Judge.  Convictions affirmed; sentence vacated, remanded for resentencing.

Richard L. Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin H. Urbanski and Brendon W. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

I.

INTRODUCTION

This matter returns to us after a prior appeal in which this court conditionally reversed the judgment and remanded with directions for the trial court to conduct a hearing to determine whether defendant Jason Patrick Mascio is eligible for mental health diversion under Penal Code section 1001.36,[1] which was enacted while Mascio's appeal was pending.

Mascio was charged with one felony count and three misdemeanor counts related to an incident that occurred at a Riverside County convenience store.[2] A jury convicted Mascio of carrying a concealed dirk or dagger and willfully and unlawfully resisting arrest. The jury also found true that appellant had suffered three prior felony convictions resulting in imprisonment (§ 667.5, subd. (b)), and a prior strike conviction (§ 667, subds. (d)–(i)). The trial court sentenced appellant to a six-year prison term, composed of a four-year term on count 1, and one year each for two of Mascio's prior felony prison convictions.

While Mascio's case was pending on appeal, section 1001.36 was enacted, creating a new pretrial diversion program for certain defendants who suffer from a qualifying mental disorder. (See § 1001.36, subds. (a) &

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Mascio was charged by amended information with one count of willfully and unlawfully carrying a concealed dirk or dagger on his person, a felony (§ 21310; count 1); one count of misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 2); one count of misdemeanor possession of heroin (Health & Saf. Code, § 11350, subd. (a); count 3); and one count of misdemeanor willfully and unlawfully resisting arrest (§ 148, subd. (a)(1); count 4).

(b)(1).) Mascio argued in his appellate brief that because the judgment in his case was not final, he was entitled to a hearing to determine his eligibility for mental health diversion under the new law. In a nonpublished opinion filed June 20, 2019, in case No. D075553, this court conditionally reversed the judgment for the limited purpose of allowing the trial court to conduct a mental health diversion eligibility hearing.

On remand, the trial court held a mental health diversion eligibility hearing. In briefing filed in preparation for the hearing, defense counsel argued that at the time of the offenses, Mascio had been diagnosed with schizoaffective and bipolar disorder, and instead of taking his prescribed psychiatric medication, he "self-medicate[d]" with illicit drugs. The People conceded that psychological evaluations indicated that Mascio suffered from bipolar disorder. After a full hearing, the court denied Mascio's motion for mental health diversion, finding that Mascio's mental disorder was not a significant factor in the commission of his offense of possessing a knife. After denying the motion, the court affirmed Mascio's original sentence.

In the present appeal, Mascio contends that the trial court erroneously denied his motion for mental health diversion. He argues that the trial court applied an incorrect legal test to determine whether Mascio's mental illness was a significant factor in his commission of the offenses. Specifically, Mascio contends that the trial court applied a "but for" causation test in concluding that Mascio's mental illness was not a significant factor in his commission of the offenses. Mascio maintains that if the court had applied the appropriate legal standard for determining whether a mental illness "substantially contributed" to an offense, he would have been found to be eligible for diversion.

3

Mascio also contends that his prior prison term enhancements must be stricken. Finally, Mascio contends that the trial court failed to recalculate his total custody credits at the mental health diversion hearing, such that the abstract of judgment does not accurately reflect the number of days that Mascio has spent in custody between his arrest and his hearing.

The People agree with Mascio's contentions that the prior prison term enhancements must be stricken, and that his total custody credits must be recalculated and the abstract of judgment amended consistent with the new calculation of custody credits. The People dispute, however, that the trial court applied the wrong standard in considering Mascio's eligibility for mental health diversion, and contend that substantial evidence supports the trial court's determination that Mascio is not eligible for diversion.

We conclude that the trial court did not apply an incorrect legal standard to the question whether Mascio's mental illness was a significant factor in his commission of the felony offense for which he was convicted. We therefore affirm the trial court's denial of Mascio's motion for mental health diversion. With respect to the claims of error regarding sentencing, we accept the People's concessions. Mascio's prior prison term enhancements must be stricken and the matter remanded to permit the trial court to resentence Mascio, and for the court to recalculate Mascio's total custody credits and enter an abstract of judgment consistent with the correct number of custody credits. We therefore vacate Mascio's sentence, strike the prior prison term enhancements, and remand to the trial court to allow the court to resentence Mascio, recalculate his total custody credits, and enter a modified abstract of judgment consistent with the court's resentencing and calculation of credits.

4

II.

FACTUAL BACKGROUND[3]

On an afternoon in December 2016, a Riverside County sheriff's deputy responded to a convenience store after receiving a report from employees at the store about an aggressive man who refused to leave the property. When the deputy arrived at the store, he encountered Mascio outside. Mascio appeared to be upset with the store employees.

Mascio told the deputy that the store employees had harassed him and accused him of stealing. Mascio offered to provide identification and stated that he would not consent to a search of his person because he was not on parole or probation. When the deputy told Mascio that he intended to perform a weapons pat down, Mascio said "no" and then stated "here's a weapon a right here" and reached for a knife that he had in his waistband, under his jacket. The deputy told Mascio "don't do that" as he drew his handgun and pointed it at Mascio.

The deputy told Mascio to get on his knees. Rather than complying, Mascio told the deputy that he would "set the stuff down." After Mascio refused to comply with five commands to "[g]et down on [his] knees," the deputy pepper sprayed Mascio. When Mascio finally went to his knees, the deputy told him to put his hands on top of his head and warned him that he would shoot if Mascio reached for the knife. The deputy held Mascio at gunpoint until backup arrived.

After backup arrived, the deputy searched Mascio and found a knife with a two-and-a-half-inch fixed blade in a sheath on Mascio's waistband, under Mascio's jacket.

---

3    We take the underlying facts from our prior opinion in case No. D075553.

5

## DISCUSSION

A. *Mascio has not demonstrated error with respect to the trial court's application of the law regarding his eligibility for mental health diversion*

  1. *Mental health diversion legal standards and review*

Effective June 27, 2018, the Legislature created a new pretrial diversion program for defendants suffering from a qualifying mental disorder. (§ 1001.36, subds. (a) & (b)(1).)  One purpose of the legislation was to promote "[i]ncreased diversion of individuals with mental disorders . . . while protecting public safety." (§ 1001.35, subd. (a).)  A trial court may grant pretrial diversion if all of the following eligibility criteria are satisfied:  (1) a qualified mental health expert has recently diagnosed the defendant with a qualifying mental disorder, (2) the "mental disorder was a significant factor in the commission of the charged offense," (3) the defendant's symptoms will respond to treatment, (4) the defendant consents to diversion and waives his or her speedy trial rights, (5) the defendant agrees to comply with treatment, and (6) the defendant will not pose an unreasonable risk of danger to public safety if treated in the community.  (§ 1001.36, subd. (b)(1)(A)–(F).)  "A court may conclude that a defendant's mental disorder was a significant factor in the commission of the charged offense if, after reviewing any relevant and credible evidence, including, but not limited to, police reports, preliminary hearing transcripts, witness statements, statements by the defendant's mental health treatment provider, medical records, records or reports by qualified medical experts, or evidence that the defendant displayed symptoms consistent with the relevant mental disorder at or near the time of the offense, the court concludes that the defendant's mental disorder

*substantially contributed* to the defendant's involvement in the commission of the offense."  (§ 1001.36, subd. (b)(1)(B), italics added.)

Section 1001.36 provides that "[t]he hearing on the prima facie showing shall be informal and may proceed on offers of proof, reliable hearsay, and argument of counsel.  If a prima facie showing is not made, the court may summarily deny the request for diversion or grant any other relief as may be deemed appropriate."  (§ 1001.36, subd. (b)(3).)  "If the defendant makes a prima facie showing that he or she meets all of the threshold eligibility requirements and the defendant and the offense are suitable for diversion, and the trial court is satisfied that the recommended program of mental health treatment will meet the specialized mental health treatment needs of the defendant, then the court may grant pretrial diversion.  (§ 1001.36, subds. (a), (b)(3) & (c)(1).)"  (*People v. Frahs* (2020) 9 Cal.5th 618, 627 (*Frahs*).)

We review the trial court's order denying mental health diversion for an abuse of discretion.  (*People v. Moine* (2021) 62 Cal.App.5th 440, 448; see *Frahs, supra*, 9 Cal.5th at p. 626 ["Section 1001.36 gives trial courts the discretion to grant pretrial diversion for individuals suffering from certain mental health disorders"].)  The court abuses its discretion if it applies an erroneous legal standard or its factual findings are not supported by substantial evidence.  (*Kerner v. Superior Court* (2012) 206 Cal.App.4th 84, 110.)  "[J]udicial discretion must also be ' "guided and controlled by fixed legal principles, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice." ' "  (*Wade v. Superior Court* (2019) 33 Cal.App.5th 694, 708–709.)

2. *Analysis*

The trial court determined that Mascio did not satisfy one of the six criteria set forth in section 1001.36, in that the court found that Mascio's mental disorder was not a significant factor in the commission of the offense of possession of the knife. The trial court stated the following:

> "Here, I find that the second prong, specifically that defendant's mental disorder played a significant role in the commission of the charged offenses or convicted offenses, I do not conclude that finding has been — that a prima facie finding is appropriate there in light of the Court's analysis earlier in the hearing regarding the possession of the knife. [¶] I find that the mental disorder played no significant role in the commission of the possession of the knife; therefore, all of the requirements [of the statute] have not been met, and I am denying the motion to admit the defendant into diversion pursuant to 1001.36."

Mascio challenges the trial court's finding with respect to this criterion, arguing that the trial court applied an incorrect standard to the question whether Mascio's mental disorder was a significant factor in his commission of that offense. Specifically, Mascio argues that the trial court believed that the "significant factor" analysis required a "but for test." He asserts that the trial court essentially asked: "[D]id appellant's mental illness cause him to unlawfully possess a knife?" Mascio contends that this is an improper standard to apply in determining whether a mental disorder was a "significant factor" in the commission of an offense.[4]

---

4    Mascio states: "Contrary to respondent's description of appellant's argument, this is not purely a substantial evidence claim. [Citation.] Rather, it is an assertion that appellant met the test under the statute and should have been diverted under Penal Code section 1001.36. Did appellant's mental disorder play a substantial role in the charged offenses? The answer is an unequivocal yes. That there might be other reasons why appellant committed the offenses unrelated to his mental disorder does not translate

8

The record does not support the premise of Macio's argument. Although the trial court did consider other reasons, apart from Mascio's mental disorder, that may have provided an impetus for Mascio to possess a knife, there is no indication that the court believed that the relevant inquiry was whether Mascio's mental illness *caused* him to possess the knife, or that the court required evidence of such causation. Mascio has cited to no portion of the record in which the court made a statement indicating that the court was determining whether Mascio's mental illness was the "but for" cause of his knife possession. Rather, the record demonstrates that the court considered that there could have been a number of rational reasons, wholly unrelated to mental illness, for Mascio's possessing a knife, particularly given his lack of permanent housing. The court noted that these other reasons for Mascio's possession of the knife, which would be reasonable given Mascio's circumstances, undercut the conclusion that his mental illness played a substantial role in his possession of a knife.

As the trial court's statement of its finding makes clear, the trial court did not conclude that Mascio's mental disorder was *not the cause* of his commission of the possession of a knife offense. Rather, the court found that Mascio's mental disorder did not play a "significant role" in the commission of that offense. This is the appropriate inquiry under the statute. There is no basis in the record for concluding that the trial court applied an incorrect legal standard.

In view of this conclusion, we further conclude that the record sufficiently supports the court's finding that Mascio's mental illness was not

---

into a rule that the criminal conduct would not have occurred 'but for' the disorder. Rather, the disorder must merely play a substantial but not singular role in the criminal conduct."

9

a significant factor in his commission of the offense of possession of a concealed dirk or dagger. The statutory scheme places on the defendant the burden of demonstrating that the eligibility requirements are met. (See *Frahs, supra*, 9 Cal.5th at p. 627 ["If the defendant makes a prima facie showing that he or she meets all of the threshold eligibility requirements and the defendant and the offense are suitable for diversion"].) The record demonstrates an absence of any evidence showing a direct connection between Mascio's possession of the knife and his mental disorder. For example, there were no statements from a mental health professional that Mascio suffered from heightened paranoia that may have added to his desire to keep a knife on his person, nor were there any statements from Mascio himself to this effect. Further, as the trial court recognized, the record demonstrated that Mascio was homeless at the time of his arrest, and the court noted that there could be many logical reasons for someone without a permanent residence to keep a knife, including for simple everyday activities such as cutting up food for eating. Further, although counsel argued in the trial court, and appellate counsel argues here, that Mascio's mental disorder may have been a factor in his being homeless, this does not mean that the court had to accept the defense's contention that Mascio's mental disorder was therefore necessarily a substantial factor in his commission of the offense of possession of a concealed dirk or dagger. The statutory scheme provides the trial court with wide discretion in making these assessments and weighing the evidence. We cannot conclude, on this record, that the trial court's determination with respect to this factor was unreasonable, or that it was unsupported by the evidence available to the court.[5] We therefore affirm

---

[5] The trial court did not appear to consider or address whether Mascio's mental disorder was a substantial factor in his commission of the

the trial court's conclusion that Mascio failed to demonstrate his eligibility for mental health diversion.

B. *Mascio's prior prison term enhancements must be stricken*

Mascio contends that his prior prison term enhancements must be stricken. The People concede that Mascio is correct.

When Mascio was sentenced, section 667.5, subdivision (b) required the imposition of a one-year enhancement for each prior prison term that a defendant had served for "any felony," in the absence of an exception that was not relevant to Mascio. (See former section 667.5, subd. (b).) However, in late 2019, the circumstances under which the one-year sentence enhancement may be imposed under section 667.5, subdivision (b) were amended. Under the new version of the statute, the one-year enhancement

---

misdemeanor offense, as charged in count 4, of resisting an officer. To the extent that Mascio could have argued that the trial court erred in failing to make any finding with respect to his eligibility for mental health diversion as to that offense, or that a finding of eligibility as to one of multiple charged offenses might permit diversion with respect to that charged offense, he has failed to make any such argument and has thus forfeited the contention. By raising this issue, we do not intend to suggest that such an argument would be successful. We simply acknowledge that the statute is unclear with respect to how it is to be applied where a defendant is charged with multiple offenses. The statute repeatedly refers to a single offense for purposes of determining whether a defendant is suitable for mental health diversion. For example, the statute provides: "On an accusatory pleading alleging the commission of *a* misdemeanor or felony *offense*, the court may, after considering the positions of the defense and prosecution, grant pretrial diversion to a defendant pursuant to this section if the defendant meets all of the requirements specified in paragraph (1) of subdivision (b)." (§ 1001.36, subd. (a), italics added.) Specifically, with respect to the question whether a mental disorder was a significant factor, the statute again refers to a single offense, in that the defendant is eligible under the criterion only if "[t]he court is satisfied that the defendant's mental disorder was a significant factor in the commission of *the charged offense*." (§ 1001.36, subd. (b)(1)(B), italics added.)

11

applies only if a defendant has served a prior prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). (Stats. 2019, ch. 590, § 1.) The parties agree that the new version of the statute applies to nonfinal judgments such as Mascio's. (See *People v. Griffin* (2020) 57 Cal.App.5th 1088, 1092.)

None of the prior prison term enhancements that were alleged and found true by the jury were based on a sexually violent offense. As a result, the prior prison term enhancements imposed pursuant to section 667.5, subdivision (b) must be stricken.

Because the trial court may wish to exercise its sentencing discretion under the changed circumstances, remand for resentencing is appropriate. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].)

C. *The court must correct the abstract of judgment to reflect the accurate number of custody credits to which Mascio is entitled*

Mascio contends that the trial court failed to recalculate his total custody credits at the mental health diversion hearing and that, as a result, the abstract of judgment fails to include the days that he spent in custody between his arrest and the mental health diversion hearing.

This court conditionally reversed Mascio's judgment on appeal. On remand, after denying Mascio's application for mental health diversion, the trial court reinstated the judgment, but corrected the court's sentencing minute order, as required by this court on remand, in order to reflect the dismissal of count 2. The court, however, did not prepare an amended abstract of judgment.

12

The People concede that Mascio's conduct credits as reflected in the abstract of judgment do not accurately represent the conduct credits to which he is entitled because Mascio is "entitled to custody credits for all of the days he spent in custody between the date of his arrest and the date of his hearing on remand." We accept the People's concession and agree that the trial court must recalculate Mascio's custody credits. (See § 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 23, 37.) Because we are remanding for resentencing due to the striking of the prior prison enhancements, we direct the trial court to recalculate Mascio's custody credits and to prepare an amended abstract of judgment.

## IV.

## DISPOSITION

Mascio's convictions are affirmed; the sentence is vacated. The section 667.5, subdivision (b) prior prison term enhancements are stricken. On remand, the trial court shall resentence Mascio. The court is further directed to recalculate Mascio's custody credits, prepare an amended abstract of judgment, and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

AARON, J.

WE CONCUR:

HALLER, Acting P. J.

GUERRERO, J.